IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CAROL E. BROWN, )
 )
              **Plaintiff,** )
 ) CIVIL ACTION
v. )
 ) No. 13-1192-JWL
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
              **Defendant.** )
_____ )

**MEMORANDUM AND ORDER**

This matter is before the court on the motion of the Commissioner of Social Security (hereinafter Commissioner) "to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6)," alleging that Plaintiff failed to exhaust her administrative remedies in proceedings before the Commissioner. (Doc. 9, p. 1) (hereinafter Comm'r Mot.). Because "a final decision of the [Commissioner] made after a hearing" is "central to the requisite grant of subject-matter jurisdiction," the Commissioner's motion is properly considered as a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (lack of subject-matter jurisdiction) rather than Rule 12(b)(6) (failure to state a claim). Weinberger v. Salfi, 422 U.S. 749, 763-764 (1975); see also Harline v. DEA, 148

F.3d 1199, 1202 (10th Cir. 1998) (quoting Salfi 422 U.S. at 764); and Reed v. Heckler, 756 F.2d 779, 782-84 (10th Cir. 1985) (recognizing administrative exhaustion impacts subject matter jurisdiction, but finding jurisdiction where there was a colorable constitutional claim and a showing of irreparable injury).

Plaintiff is represented by counsel in this matter, and her response to the Commissioner's motion was due on August 19, 2013. It is now more than a week beyond the response deadline and Plaintiff has not filed a responsive brief. In accordance with the local rules, the court now considers and decides the Commissioner's motion as uncontested. D. Kan. Rule 7.4(b).

On May 20, 2013, Plaintiff filed a complaint in this case seeking judicial review of an Administrative Law Judge's (ALJ) dismissal on April 4, 2012 of her claim for benefits. (Doc. 1). Plaintiff asserts that she has exhausted administrative remedies and that the ALJ's decision is the "final decision" of the Commissioner, and she seeks reversal of the Commissioner's decision and award of both Supplemental Security Income benefits and Disability Insurance Benefits. Id.

Along with her Motion to Dismiss, the Commissioner filed the "Declaration of Paul Halse," the Acting Chief of the Social Security's Court Case Preparation and Review Branch, and Mr. Halse's Declaration includes documents regarding the proceedings before the Commissioner. (Comm'r Mot.) (Attach. 1). Those documents include the initial and reconsideration cessation determination and transmittal documents dated July 1, 2009, and February 25, 2010; the "Notice of Reconsideration" dated February 26,

2010, informing Plaintiff of the agency's finding that she was no longer eligible for benefits; the ALJ's "Notice of Dismissal" of Plaintiff's request for hearing, and his "Order of Dismissal" of her request for hearing, both dated April 4, 2012; and two "Notice[s] of Appeals Council Action" dated, respectively, February 6, 2013, and March 22, 2013. (Attach. 1). Mr. Halse asserts that Social Security Administration records show that Plaintiff was receiving Supplemental Security Income (SSI) benefits, but that pursuant to a continuing disability review Plaintiff was found no longer disabled or entitled to SSI on July 1, 2009, and that determination was affirmed on reconsideration on February 25, 2010. (Attach. 1, pp. 2-3). He asserts that the ALJ dismissed Plaintiff's request for hearing on April 4, 2012 because Plaintiff did not appear at a scheduled hearing and did not establish good cause for not appearing. Id. at 3. Finally, he asserts that the Appeals Council twice considered Plaintiff's request for review of the ALJ's order of dismissal but ultimately denied the request for review without providing for appeal to the District Court. Id.

"[A] motion under Rule 12(b)(1) 'may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.'" Davis ex rel. Davis v. United States, 343 F.3d 1282, 1295 (10th Cir. 2003) (hereinafter Davis v. U.S.) (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)). The court in Davis v. U.S. held that, "When a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.' 'In

3

such instances, a court's reference to evidence outside the pleadings does not convert the motion [to dismiss] to a Rule 56 motion [for summary judgment].'" Davis v. U.S., 343 F.3d at 1296 (quoting Holt, 46 F.3d at 1003) (brackets in Davis v. U.S.). Therefore, the court considers Mr. Halse's declaration and the documents attached to it when deciding this motion.

The sole basis for federal court jurisdiction in Social Security cases arises under 42 U.S.C. § 405(g). Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, (10th Cir. 1998) (citing Reed, 756 F.2d at 782). As explained in Reed, 42 U.S.C. § 405(h) bars federal question jurisdiction in suits challenging denial of claimed Social Security benefits. Reed, 756 F.2d at 782 (citing Weinberger v. Salfi, 422 U.S. 749 (1975)). Therefore, 42 U.S.C. § 405(g) provides the only means of judicial review of such claims. Mathews v. Eldridge, 424 U.S. 319, 327 (1976). In 1977, the Supreme Court further held that the Administrative Procedures Act does not provide an implied grant of subject-matter jurisdiction for review of the actions of the Social Security Administration. Califano v. Sanders, 430 U.S. 99, 107 (1977).

The Court in Sanders held that 42 U.S.C. § 405(g) limits federal judicial review to only "final decisions" of the Commissioner made after a hearing, and that a decision by the Commissioner not to reopen a case is not a "final decision of the Secretary made after hearing," and is, therefore, not reviewable by federal courts. Id., at 108. Where the Commissioner's refusal to reopen is itself challenged on constitutional grounds, however, the court may have jurisdiction to review the allegedly unconstitutional refusal. Id., at

109.  The Sanders decision has been interpreted by the Tenth Circuit to cover situations in which the Commissioner has found "no good cause" for an untimely request for hearing, White v. Schweiker, 725 F.2d 91, 93 (10th Cir. 1984), and in which the "Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear." Kiiker v. Astrue, 364 F. App'x 408, 409 (10th Cir. 2010) (citing Brandyburg v. Sullivan, 959 F.2d 555, 558-62 (5th Cir. 1992); and Doe v. Sec'y of Health & Human Servs., 744 F.2d 3, 4-5 (1st Cir. 1984)).  The decisions are unreviewable "whether or not the SSA held a hearing on whether good cause . . . was shown."  White, 725 F.2d at 93.  As the Sanders Court stated, "Our duty, of course, is to respect [Congress's] choice."  430 U.S. at 108.

Mr. Halse's declaration reveals that the decision at issue here is not a "final decision" as required for judicial review.  Moreover, the documents attached to the declaration establish that the ALJ dismissed Plaintiff's request for a hearing, that there was no hearing in the case, and there is therefore no "final decision" in the case. Therefore, this court is without jurisdiction to review the case.

Although the court recognizes that it might have jurisdiction in a case where a claimant failed to exhaust her administrative remedies before the Commissioner if she presents a colorable constitutional claim to this court which would excuse that failure, Sanders, 430 U.S. at 109 ("when constitutional questions are in issue, the availability of judicial review is presumed"); Bartlett v. Schweiker, 719 F.2d 1059, 1061 (10th Cir. 1983), Plaintiff has argued no constitutional claim in this case, and the court sees none.

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Dismiss (Doc. 9) is GRANTED and this case is DISMISSED.

Dated this 27th day of August 2013, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**